**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JOHN ANDRASIK,                                      :
    Plaintiff                                      :
                             :
    v.                                              :    C.A. No.:
                             :
AT&T SERVICES, INC.,                                :
    Defendant                                       :

## COMPLAINT

### I. Introduction

This action is brought by the Plaintiff seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and punitive damages to remedy unlawful discrimination in employment the Plaintiff suffered in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.*, the Fair Employment Practices Act ("FEPA"), R.I.G.L. §28-5-1, *et seq.* and the Rhode Island Civil Rights Act of 1990 ("RICRA"), R.I.G.L. §42-112-1, *et seq.*

### II. Parties

1.    The Plaintiff, John Andrasik, is a resident of the Town of Middletown, County of Newport, State of Rhode Island.

2.    Defendant AT&T Services Inc. ("AT&T") is a Delaware corporation and is duly authorized to conduct business in the State of Rhode Island. Defendant AT&T's principal place of business is located at 208 S. Akard Street, Dallas, Texas 75202.

### III.    Jurisdiction

3.    This Court has jurisdiction over the Plaintiff's claims under the ADEA pursuant to 29 U.S.C. §626 and supplemental jurisdiction over the Plaintiff's claims under the FEPA and the RICRA pursuant to 28 U.S.C. §1367.

### IV.    Venue

4.    Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V.  Exhaustion of Administrative Remedies

5.    On or about February 2, 2023, the Plaintiff timely co-filed a charge of discrimination against the Defendant with the Rhode Island Commission for Human Rights ("RICHR") and the United States Equal Employment Opportunity Commission ("EEOC").

6.    On January 22, 2024, the Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

7.    On February 5, 2024, the Plaintiff was issued a notice of right to sue by the EEOC.

### VI.    Material Facts

5.    The Plaintiff is sixty-seven (67) years old.

6.    In July 1983, the Plaintiff was hired by Southern New England Telephone ("SNET") as a Manager of Installation and Maintenance at the company's Boston, MA location. SNET was thereafter bought out by SBC.  SBC purchased Defendant AT&T.  SBC then changed the company's name to AT&T.

7.    During all relevant time periods, the Plaintiff's work performance was satisfactory and met Defendant AT&T's legitimate expectations.

2

8. During the Plaintiff's employment at Defendant AT&T, he was subjected to workplace discrimination on account of his age.

9. In 1998, the Plaintiff was promoted to a Director Network Operations position.

10. In 2011, at the request of Defendant AT&T's Assistant Vice President of Labor Relations, the Plaintiff was transferred to the role of a Director in Labor Relations.

11. In 2013, the Plaintiff began to report to Diane Bradley, a Vice President in Labor Relations.

12. Between 2011 and 2018, the Plaintiff was responsible for supporting Defendant AT&T's East Region (Connecticut) Contract.

13. In 2018, the Plaintiff chaired the bargaining table for the National Internet Contract and was responsible for ongoing matters between the union and clients. This contract as well as the union and client matters were subsequently transferred to another employee of Defendant AT&T, Paul Cardarella (approximately 50 years old).

14. Between 2018 and 2019, the Plaintiff was assigned the Nationwide Legacy T Contract and chaired the bargaining table for the same and was responsible for various matters with the union and clients. The contract and attendant duties were eventually transferred to Lead Labor Manager, Eric Bain (approximately 44 years old).[1] Prior to assuming this role, Mr. Bain reported to the Plaintiff for 3-4 years while he was in Michigan and the Plaintiff was in Connecticut.

15. In 2019, the Plaintiff was assigned the responsibility of the partial oversight of the network functions of District 3 Labor Agreement as well as network functions. During this time

---

[1] A Lead Labor Manager is a level below a Director position. During the Plaintiff's tenure in labor, there was never a Lead Labor Manager that supported a contract similar to the Legacy T Contract.

period, the Plaintiff also volunteered to work on matters surrounding COVID and became the primary interface on day-to-day COVID matters for CWA in District 3.

16. On October 3, 2019, during a regular one-on-one meeting with Ms. Bradley, she asked the Plaintiff about his retirement plans and if he was considering retiring. The Plaintiff responded that he had more to offer the business and was not interested in retiring. Ms. Bradley then recommended that it might be time for the Plaintiff to retire given his lengthy tenure in order to make room for others.

17. In 2021, Mr. Bain was promoted to the position of Director in Labor Relations and reported to Ms. Bradley.

18. In February 2022, the Plaintiff was assigned new clients in Utilities Operations Corporate Functions and Corporate Finance.

19. In June 2022, the Plaintiff was assigned to chair the special mid-term bargaining table for CWA District 3.

20. In September 2022, Mr. Bain was assigned the CWA District 3 network functions which the Plaintiff had been performing.

21. On October 8, 2022, the Plaintiff was notified that he was being terminated after 39 years with Defendant AT&T. The Plaintiff was the only individual in Labor Relations that was terminated.

22. At the time of his discharge, the Plaintiff was the oldest Director in Labor Relations and had the most tenure with the company.

23. The Plaintiff has suffered economic damages, including, but not limited to, equitable damages, compensatory damages, including, but not limited to, emotional distress, loss

of enjoyment of life, humiliation, damage to his business and personal reputation and other great harm, as a result of being discriminated against due to his age.

## VII.    Claims for Relief

24.    The Plaintiff incorporates the allegations contained in paragraphs 1 through 23 above in the counts set forth below.

### Count One
### Unlawful Discrimination—29 U.S.C. §621, *et seq.*

25.    Defendant AT&T, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the ADEA.

### Count Two
### Unlawful Discrimination—R.I.G.L. §28-5-1, *et seq.*

26.    Defendant AT&T, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his age in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the FEPA.

### Count Three
### Unlawful Discrimination—R.I.G.L. §42-112-1, *et seq.*

27.    Defendant AT&T, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination and retaliation against the Plaintiff in violation of the Rhode Island Civil Rights Act of 1990, causing the Plaintiff to suffer damages as

5

aforesaid and thereby deprived the Plaintiff of rights secured under the Rhode Island Civil Rights Act of 1990.

## VIII.    Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1.      a declaratory judgment that Defendant AT&T, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*, the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, and the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*;

2.      enjoining and permanently restraining Defendant AT&T from violating the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* and the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*;

3.      award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

4.      award the Plaintiff punitive damages;

5.      award the Plaintiff reasonable attorney's fees and costs of litigation; and,

6.      such other and further relief as the Court deems just and proper.

## IX.    Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## X.     Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire as trial counsel.

Plaintiff,
By his attorneys,

Date: February 22, 2024

/s/ V. Edward Formisano
V. Edward Formisano (#5512)
Formisano & Company, P.C.
100 Midway Place, Suite 1
Cranston, RI  02920
(401) 944-9691
(401) 944-9695 (facsimile)
edf@formisanoandcompany.com

## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 22nd day of February 2024 and is available for viewing and downloading from the ECF system.

/s/ V. Edward Formisano